IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV162-1-MU

MICHAEL C. McNEILL,            )
                               )
        Plaintiff,             )
                               )
    v.                         )        **O R D E R**
                               )
FRANK STAMPER, et al.,         )
                               )
        Defendants.            )
_____)

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1), filed March 26, 2008, and transferred to this Court on April 9, 2008. Also before this Court is Plaintiff's Motion for Summary Judgment (Doc. No. 11), filed July 21, 2008.

In his Complaint[1] Plaintiff alleges that Defendants have been deliberately indifferent to his serious medical needs. Plaintiff names Frank Stamper, a physician's assistant, Sergeant Kinney, a correctional officer, Altlantic Diagnostic of Durham, and the Director of the North Carolina Department of Corrections as defendants.

Supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington

---

[1] The Court notes that on March 26, 2008, Plaintiff filed three Complaints in the Eastern District of North Carolina. The first (5:2008ct3039) is the instant case. The second (5:2008ct3040) was dismissed as frivolous. The third case (5:2008ct3041) is pending.

Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982). A review of Plaintiff's Complaint reveals that Plaintiff does not allege any personal conduct by the Director of the Department of Corrections. Nor does Plaintiff allege that others acted pursuant to the policy or custom of this Defendant. Consequently, the Director of the North Carolina Department of Corrections is dismissed from this case.

Likewise, Plaintiff does not make any allegation against Atlantic Diagnostic of Durham.[2] He merely states that he had an MRI performed at this facility in December 2007. Plaintiff has failed to state a claim against this Defendant as well.

Plaintiff's allegation against Defendant Kinney is that in December 2007 and again in February 2008, he housed Plaintiff on the second floor. It appears from the Complaint that the results of the MRI performed by Atlantic Diagnostics in November 2007, were negative. It also appears that in early January 2008, Defendant Stamper examined Plaintiff and determined that nothing was medically wrong with Plaintiff's left knee and that he did not need a cane. Significantly, Plaintiff does not allege that Defendant Kinney took such action contrary to medical directions. Based upon the facts submitted by Plaintiff himself, there is no basis for finding that Defendant Kinney was deliberately indifferent to a serious medical need of Plaintiff's.

Finally, Plaintiff alleges that Defendant Stamper took his cane without examining his knee. Plaintiff states that shortly thereafter he fell down the stairs and had to be taken to the emergency room. Plaintiff also alleges that Defendant Stamper has refused him medication and treatment since his fall down the stairs on February 19, 2008. After a careful review of the record, the Court finds

---

[2] Based upon the facts before this Court it is not clear whether or not Altantic Diagnostic of Durham is a state actor or not. In any event, Plaintiff has failed to state a claim.

that Defendant Stamper should file an answer detailing Plaintiff's allegations and responding to each.

Plaintiff has also filed a Motion for Summary Judgment. The Defendant has not even been served yet. Plaintiff's Motion is premature.

**IT IS THEREFORE ORDERED THAT**:

1. Defendants Sergeant Kinney, the Director of the North Carolina Department of Correction, and Altlantic Diagnostic of Durham, are **DISMISSED** from this lawsuit;

2. The Clerk shall issue summons and deliver it forthwith to the U. S. Marshal who will make service of process on Defendant Stamper without additional cost; and

3. Plaintiff's Motion for Summary Judgment is **DENIED**.

Signed: August 20, 2008

Graham C. Mullen
United States District Judge